**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR 03-344-PHX-MHM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Dennis O. Poseley, Patricia A. Ensign,) | |
| David W. Trepas, Rachel McElhinney, and) | |
| Keith D. Priest ) | |
| ) | |
| Defendants. ) | |
| ) | |

Currently before the Court is Defendant Poseley's Motion for a New Trial (Dkt. #695). After carefully reviewing the transcript and arguments, the Court enters the following Order.

**I.    Factual Background**

On April 4, 2003, a federal grand jury returned a one-count indictment against Defendants. Dkt. # 1. Count One charged Defendants with conspiracy to defraud the United States, in violation of 18 U.S.C. § 371. Id. On January 15, 2004, the Government secured a Superseding Indictment, charging Defendant Poseley five additional counts for willful failure to file an income tax return in violation of 26 U.S.C. § 7203. Dkt. #180. After a multi-week jury trial, the jury returned a verdict, finding Mr. Poseley guilty on all counts.

During trial, after the testimony of several Government witnesses, the Government disclosed Erik Melling, Cynthia Porter, Patrick Porter, and Samuel Pak were the subject of

an Internal Revenue Service ("IRS") audit. As Mr. Pak was present at the time of the disclosure, Defendants re-cross examined Mr. Pak regarding the IRS audit. Additionally, the Court granted Defendants leave to recall Mr. Melling and the Porters for purposes of impeachment, to which Defendants declined. The Court did instruct the jury that Mr. Melling and the Porters were audited by the IRS and the Government failed to disclose this prior to these witnesses testifying as the law required the Government to do. The jury was further instructed that it could consider the fact that these witnesses were subject to a civil IRS audit and consider this fact when assessing their credibility in addition to any other factors the jury deemed relevant. Additionally, the Court denied Defendants discovery of these witnesses' tax returns and all audit documents, finding such information was neither material nor discoverable.

**II.    Standard of Review**

Rule 33 of the Federal Rules of Criminal Procedure states that the trial court may grant a defendant's motion for a new trial "if the interest of justice so requires." FED. R. CRIM. PRO. 33(a). Rule 33 gives the court "broad discretion ... to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice." Id.

**III.   Discussion**

Defendant argues a new trial is necessary because: (1) the Court's denial of discovery of witnesses' tax returns and audit documents was error and impeded any potential re-cross examination of Mr. Melling and the Porters; (2) re-cross examination of these witnesses would have concerned jurors because each of the witnesses had been on the stand for a lengthy period of time; (3) Defendant was prejudiced because he was unable to argue Government witnesses' bias related to their being subject to civil IRS audits on voir dire or during opening statements; and (4) the Government permitted Mr. Melling and the Porters to testify falsely.

First, turning to the Court's denial of discovery of Government witnesses audit related materials. Tax returns and return information are confidential under 26 U.S.C. §6103(a) except in applicable part where required disclosed by order of the court. In the instant case,

- 2 -

1  the witnesses' previous tax returns was not material, and instead, only the fact that they were
2  subject to an audit tends to show the possibility of bias or prejudice. Any information in the
3  audits was a collateral matter and inadmissible. See United States v. Nace, 561 F.2d 763, 770
4  (9th Cir. 1977) (concluding trial court properly excluded impeachment evidence that
5  complainant listed loan as a personal obligation on his bankruptcy petition where witness
6  denied any personal liability on cross-examination because evidence was on a collateral
7  matter). Therefore, the Court cannot conclude the tax returns and all audit documents were
8  material or necessary for Defendant's ability to effectively cross examine Government
9  witnesses subject to an IRS audit.

10  Secondly, Defendant argues re-cross examination of these witnesses would have
11  caused concern among the jurors because each of the witnesses had been on the stand for a
12  lengthy period of time. However, this argument is without merit because the Court noted,
13  when granting Defendants' leave to re-cross, that the Court would instruct the jury that re-
14  cross examination was occurring due to the Government's failure to disclose these witnesses
15  were the subject of an audit so as to alleviate any impression these questions were
16  inadvertently omitted by Defendants. Defendant chose not to re-cross the witnesses.
17  Moreover, the Court did instruct the jury that the Government was required to disclose the
18  fact that these witnesses were audited and the jury could consider this fact when assessing
19  the witnesses' credibility.

20  Third, Defendant argues the Government's failure to disclose witnesses were subject
21  to a civil IRS audit constituted a Brady/Giglio violation and prejudiced Defendants during
22  jury voir dire and opening statements. Brady v. Maryland, 373 U.S. 83 (1963); Giglio v.
23  United States, 405 U.S. 150 (1972). During trial, the Court concluded "[t]he fact a witness
24  is undergoing an IRS audit or investigation is impeachment evidence coming with the terms
25  of Brady." United States v. Dawes, Nos. 88-10002-01, 90-10036-01 and 88-10002-02, 1990
26  WL 171074, *4 (D. Kan. Oct. 15, 1990)(unpublished opinion).

27  However, there was no Brady violation mandating a new trial because Defendants
28  have not demonstrated sufficient prejudice has ensued because the witnesses were subject

- 3 -

1  to a rigorous cross examination. The supreme court has clearly indicated "[N]ot every
2  violation of [the duty to disclose] necessarily establishes that the outcome was unjust."
3  Strickler v. Greene, 527 U.S. 263, 281. "[S]trictly speaking, there is never a real 'Brady
4  violation' unless the nondisclosure was so serious that there is a reasonable probability that
5  the suppressed evidence would have produced a different verdict." Id.

6  The record demonstrates that the defense was able to effectively cross-examine the
7  witnesses. Mr. Melling was questioned in detail about his motivations for purchasing a trust.
8  Moreover, Mr. Melling testified a reason for his cooperation was due to fear regarding a
9  criminal tax investigation. Again, with respect to Mrs. Porter, the defense cross-examined
10 her extensively regarding her fear of criminal prosecution. Similarly, Mr. Porter testified
11 regarding his motive and knowledge of trusts, and additionally, was cross-examined
12 regarding his fear of losing his business and life-savings as a motivation for his testimony.

13 Furthermore, standing alone the fact that Defendants were unable to argue several
14 Government witnesses were the subject of a civil IRS audit during opening statements does
15 not demonstrate sufficient prejudice to a warrant a new trial.  Defendants were able to argue
16 that these cooperating witnesses were seeking to curry favor and avoid criminal prosecution.
17 Accordingly, based on the foregoing, the Court concludes the witnesses were subject to a
18 vigorous cross-examination, wherein Defendants demonstrated bias due to loss of financial
19 security and concerns regarding criminal charges.

20 Lastly, Defendants arguments regarding false testimony fail to state a basis for a new
21 trial. If the prosecution knowingly uses perjured testimony, or knowingly fails to disclose
22 false testimony used to convict a defendant, a conviction must be reversed "if there is any
23 reasonable likelihood that the false testimony could have affected the jury verdict." United
24 States v. Endicott, 869 F.2d 452, 455 (9th Cir.1989).  To prevail on a claim of false
25 testimony, Defendants must show (1) the testimony was actually false; (2) the prosecution
26 knew or should have known that the testimony was actually false; and (3) the false testimony
27 was material.  Hayes v. Brown; 399 F.3d 972, 984 (9th Cir. 2005)
28

1    After reviewing the transcript, the Court concludes Defendants have failed to show
2 Mr. Melling, Mrs. Porter, or Mr. Porter gave false testimony. Specifically, Mr. Juarez's
3 questioning of Mr. Melling was narrowly tailored to whether Mr. Melling had been audited
4 in the time period before July 2002 and/or with respect to his use of the trust. The
5 Government has averred the IRS did not audit Mr. Melling prior to July 2002. The fact that
6 Mr. Melling testified he changed his tax strategy due to fears and concerns regarding the
7 validity of the trusts does not demonstrate false testimony. The Court noted all of this
8 testimony in its July 27, 2005 Order, noted the record was not fully developed regarding any
9 other such audit, timing, or type of audit, and there was no contemporaneous objection.

10   The issue with the Porters is identical, the fact that Mr. and Mrs. Porter testified to
11 another basis for their cooperation with the Government and decision to alter their tax
12 strategy is not false testimony. In fact, the only statement that makes a colorable showing
13 of falsity is in response to the question "You didn't hear from the federal government;" Mrs.
14 Porter responded "We *never* heard from the federal government." Out of context this
15 statement is colorably false. However, other questions on the record such as "since the IRS
16 came and visited," Mr. Porter's testimony regarding a letter he received from the IRS, and the
17 fact the Porters were in fact a Government witnesses, clearly demonstrated Mrs. Porter had
18 in fact "heard from the Federal Government" and her response was related to the narrow time
19 period the Porters were being audited by the city and state.

20   Thus, based on analysis of the record, testimony, and briefing, the Court concludes
21 there has been no showing of falsity. Furthermore, there has been no showing of materiality.
22 Specifically, these witnesses were cross-examined extensively about their fear of criminal
23 prosecution. The bias and motivations of the witnesses was demonstrated to the jury.
24 Especially in light of prosecutorial discretion in a criminal charge, in contrast to the fact a
25 cooperating witness simply is unable to curry favor in a civil IRS audit. Therefore, the
26 motion for a new trial is denied.

27   **Accordingly,**

28

- 5 -

1   **IT IS HEREBY ORDERED** Defendant Poseley's Motion for a New Trial is
2   **DENIED**. (Dkt. #695).
3   DATED this 2nd day of December, 2005.

Mary H. Murguia
United States District Judge