**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-03-00344-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Dennis O. Poseley, | |
| Defendant. | |

On December 7, 2012, Defendant Dennis O. Posely filed a motion to waive fine and community service and a motion for in forma pauperis status.  Docs. 1199, 1200.  The government opposes the motions.  Doc. 1201.  For the reasons that follow, the Court will deny Defendant's motions.

**I.      Background.**

Defendant was convicted in this court of conspiracy to defraud in violation of 18 U.S.C. § 371 (Count 1) and five counts of willful failure to file an individual income tax return in violation of 26 U.S.C. § 7203 (Counts 2-6).  Doc. 926.  On June 28, 2006, Defendant was sentenced to 84 months imprisonment and ordered to pay a fine of $175,000 and perform 150 hours of community service while on supervised release. Doc. 926.   Defendant now seeks a waiver of the $175,000 fine and 150 hours of community service because he allegedly has "no means to pay any of the fine let alone complete community service" because his circumstances have "permanently changed." He alleges that he is unable to work because he cannot stand, sit, or walk for any length of time.

## II.      Analysis.

18 U.S.C. § 3583(e) gives a district court broad discretion to alter the conditions of a defendant's supervised release.  The Ninth Circuit has held that where payment of a fine is an express condition of supervised release, the district court may modify the fine. *United States v. Miller*, 205 F.3d 1098 (9th Cir. 2000).

Because Defendant Poseley's fine and community service were made express conditions of her supervised release, it is within the Court's jurisdiction to modify the fine or the community service requirement.  The Court finds, however, that Plaintiff has not provided sufficient evidence for the Court to modify the conditions of his release.

At trial, revenue agent Deborah Carlson testified that Defendant Poseley operated two businesses, Innovative Financial Consultants ("IFC") and Information Clearing House ("ICH") that received $4,750,162 in gross income from 1996 thru 2003.  Doc. 1053, time stamp 10:37:37.  The Government believes this was a conservative estimate because the revenue agent was forced to exclude many deposit items that she found illegible or could not properly verify which totaled an additional $3,222,627 deposited into IFC bank accounts from 1997 thru 2001 but not included in gross receipts.  Doc. 1053, time stamp 10:42:00; Doc. 1201 at 3-4.

Defendant has made no accounting of the profits he made from 1996 to 2003.  He has made no accounting of the "loans" made to himself and his family by the bank he established.  Absent an accounting of those funds, the Court finds no reason modify Defendant's $150,000 fine.

Though Defendant claims he cannot stand, sit, or walk for any length of time, he has offered no current medical assessment confirming his alleged limitations.  Defendant claims that "documentation of [his] ordeal is extensive," but he does not provide that documentation because it would "over burden this court."  Doc. 1199 at 3.  Absent a current medical assessment the Court finds no basis for modifying the community service requirement.  Moreover, community service may be performed in a variety of ways, and the Court believes Defendant could perform community service even with his claimed

limitations.

**IT IS ORDERED** that Defendant's motions (Docs. 1199, 1200) are **denied.**

Dated this 16th day of January, 2013.

David G. Campbell
United States District Judge